THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROGER DALE WALLACE, Defendant-Appellant.

(No. 72-255;

Fifth District—November 19, 1974.

Robert E. Farrell and Lynn S. Frackman, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Madison County dismissing defendant's pro se petition for post-conviction relief following

an evidentiary hearing. The sole issue presented is whether the trial court erred in reappointing the public defender's office to represent petitioner over his objection, and in the face of his allegation that he had been incompetently represented by the same defender's office at his original conviction.

On his plea of guilty petitioner was convicted of murder on November 4, 1971, and he was sentenced to the penitentiary for a term of 15 to 30 years. On May 22, 1972, he filed his post-conviction petition alleging in part that he was incompetently represented by the public defender's office; that he had not been advised by counsel that his intoxicated condition might have been sufficient to reduce his crime from murder to voluntary manslaughter; and that his counsel, in effect, forced him to plead guilty to murder by telling him that the State and the court "would throw the book at him" if he did not plead guilty to such crime. On the basis of these allegations petitioner filed a motion accompanying his petition specifically requesting that counsel, other than the public defender, be appointed to represent him. In addition, the public defender's office itself filed a motion requesting that other counsel be appointed, citing *People v. Smith*, 37 Ill.2d 622, as authority for its request. Both motions were denied, and the public defender continued to represent petitioner throughout his post-conviction hearing.

■■ The record fails to reveal any reasons for the trial court's action and we are at a loss to understand it. The *Smith* case specifically holds that the reappointment of a public defender under similar circumstances constitutes reversible error. The rule is well established, as stated in *Smith* and *People v. Gray*, 4 Ill.App.3d 934, it is based on the theory that trial counsel should not be placed in a position where he is required to pursue an advocatory role in support of an issue which would, if adjudged meritorious, reflect unfavorably upon the integrity of counsel's own office; nor should an individual defendant be deprived of his right to a full and complete assistance of counsel unencumbered by divided loyalties. Just recently, in *People v. Bain* (Docket No. 73-349), we approved the rule stating that its rationale lies in the avoidance of the conflict of interest inherent in the situation by recognizing it in advance and appointing an attorney other than one from the same office alleged to have been previously incompetent.

■■ In the case before us the need and effectiveness of the rule are self-evident. Petitioner's main contention here is that at no time during the hearing did his post-conviction counsel ever question the adequacy of his trial counsel. This should not be the issue before us. It is entirely foreign to the issue posed by the post-conviction petition. It presents the very conflict of interest question that an application of the rule is designed to

avoid. Accordingly, we find that the trial court should have acceded to the request of petitioner and the public defender to appoint other counsel, and that, under such circumstances, the court's failure to do so constituted reversible error.

For purposes of clarity we mention the case of *People v. Buckholz* (Docket No. 72-204), which we have also recently decided. In that case we held that the reappointment of the public defender's office to represent defendant in his post-conviction proceeding did not constitute error. We based our decision primarily on the fact that defendant personally made no claim of incompetency of trial counsel, and, at his evidentiary hearing in answer to specific inquiry by the court, he denied any conflict with his present appointed counsel, and insisted, absolutely, that he wanted to keep him. We do not consider such facts applicable to those now before us, for certainly a defendant is entitled to keep his reappointed counsel if that is his desire and counsel is willing to serve.

The judgment of the Circuit Court of Madison County is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

EBERSPACHER and CARTER, JJ., concur.