The People of the State of Illinois, Plaintiff-Appellee, *v.* Kenneth Budd, Defendant-Appellant.

(No. 74-187;

Second District (1st Division)—July 11, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein appeared before the trial court on March 1, 1974, waived indictment, and entered into a negotiated plea to an information filed on that date charging the defendant with one count of burglary and one count of robbery. He then waived a hearing in aggravation and mitigation and waived his application for probation. Pursuant to the negotiated plea he was sentenced to two concurrent terms of 2-6 years in the State Penitentiary. He now appeals and contends that the trial court failed to comply with Supreme Court Rule 401(b), pertaining to the waiver of indictment, and Supreme Court Rule 402(a)(1), (a)(2), (c) (Ill. Rev. Stat. 1973, ch. 110A, §§ 401(b), 402 (a)(1), (a)(2), (c)), contending that the trial court failed to advise or admonish the defendant of the nature of the charge and failed to determine that there was a factual basis for the plea. The defendant's last contention is that the robbery and the burglary are offenses arising out of a single act by the defendant. We shall consider the last contention first.

■■ This court is unable to determine the dilemma defense counsel finds himself in, in alleging that the two offenses arose out of the same act. The defendant was originally charged with armed robbery of one Judy Ann Doggett occurring at the Convenient Food Mart at the hour of 6:07 in the evening of January 16, 1974. This was reduced to robbery, to which the defendant pled guilty. The other offense, a burglary, was that of the residence of one Philena Mae McCombs in Aurora, Illinois, sometime during the day of January 16, 1974. These are two distinct offenses committed at two different times in two different places and against two different victims. The contention of the defendant in this regard is without merit. We do not deem it necessary to cite authority pertaining to this issue as the offenses are completely distinct, separated in time, place and victims and have no relationship one with the other.

■■ In support of defendant's contention that the trial court failed to comply with Supreme Court Rule 401(b) as to waiver of indictment, defendant has cited *People v. Schyska* (1973), 14 Ill.App.3d 557, 302 N.E.2d 666. Upon our examination of the record we are satisfied that

the court did in fact fully admonish the defendant in substantial compliance with Rule 401(b) relative to the waiver of indictment. We adopt the finding of the supreme court in *People v. Loy* (1972), 52 Ill.2d 126, 129-30, 284 N.E.2d 634, 635, which we find to be factually identical to the case at bar.

"The record indicates that the defendant was present in open court, was represented by counsel, was advised in detail by the trial court of the contents of the information, consisting of two counts, which was filed against him; that he previously had been given a copy of the information; and that thereafter he testified that he had discussed the matter with his counsel and he desired to waive the grand jury proceeding. The record further reflects that he persisted in his waiver of the right to have the matter of the two charges presented to the grand jury, and thereupon, in open court and in the presence of his counsel, signed the written waiver of indictment by a grand jury and consented to prosecution by information.

It is apparent from the record that he knowingly and understandingly waived indictment by a grand jury on the charges contained in the two-count information, which had been presented to him prior to the signing of the waiver, and which the court fully reviewed for him. We find his contention in this respect without merit. [Citations.]"

Further in this regard we find that the Third District Appellate Court has specifically overruled their findings in *People v. Schyska,* in the recent case of *People v. Roberts* (1975), 27 Ill.App.3d 489, 326 N.E.2d 116. Reference is made to that opinion for the basis therein stated for the overruling of the *Schyska* case by that appellate district.

■■ Further examination of the record with relation to the nature of the charges and the factual basis for the plea discloses that there was substantial compliance with the provisions of Supreme Court Rule 402. Defendant was represented by private counsel and in exchange for the entry of a plea of guilty to the two charges herein the State dismissed or nolle prossed two other burglary charges, nolle prossed a forgery charge and a conspiracy-to-commit-forgery charge, nolle prossed another offense of armed robbery and nolle prossed a charge of unlawful possession of a hypodermic syringe. We do not deem it necessary to set forth in detail the admonitions to the defendant by the court and its determination of the factual basis for the plea, which is self-evident from the instant record. (See *People v. Krantz* (1974), 58 Ill.2d 187, 317 N.E.2d 559; *People v. Dudley* (1974), 58 Ill.2d 57, 316 N.E.2d 773.)

As in *Dudley*, there is no claim here of any harm or prejudice to the defendant by the alleged failure of the court to comply with the provisions of Supreme Court Rules 401 or 402.

██ Defendant also contends that the trial court erred in accepting defendant's plea of guilty and approving the negotiated plea of guilty without having informed the defendant of the possibility of consecutive sentences. This court fails to see how the defendant in a negotiated plea for 2-6 years, which was expressly agreed to be concurrent, could be construed by defense counsel to require an admonishment that the defendant might be sentenced consecutively. This was not within the terms of the plea agreement. Had the negotiated plea agreement not been approved by the trial court the plea could have been withdrawn by the defendant which, of course, was not the fact. The conviction of the defendant herein for burglary and armed robbery and the sentences therefor imposed are affirmed.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.