GLEN BODINE, Plaintiff-Appellant, v. CIVIL SERVICE COMMISSION OF
THE STATE OF ILLINOIS *et al.*, Defendants-Appellees.

Fourth District   No. 4—84—0773

Opinion filed June 25, 1985.

James M. Drake, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, So-
licitor General, and Vincenzo Chimera, Assistant Attorney General, both of
Chicago, of counsel), for appellees.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On March 16, 1983, the Director of defendant, Department of Central Management Services, State of Illinois (Management Services), acting pursuant to section 9(5) of the Personnel Code (Ill. Rev. Stat. 1981, ch. 127, par. 63b109(5)), approved written charges issued by Management Services against plaintiff, Glen Bodine, seeking his discharge from his position as information systems executive I. Subsequently, hearings on the charges were held before a hearing officer for defendant, Civil Service Commission of the State of Illinois (Commission). At the conclusion of the hearings, the hearing officer recommended to the Commission that none of the charges had been proved. On December 14, 1983, the Commission rejected the hearing officer's recommendation and ordered plaintiff discharged. On January 17, 1984, plaintiff filed a complaint for administrative review in the circuit court of Sangamon County (Ill. Rev. Stat. 1981, ch. 127, par. 63b111a). On October 12, 1984, that court affirmed the decision of the Commission. Plaintiff appeals. We reverse and remand with directions.

Plaintiff contends that the Commission erred (1) when it received and failed to strike a letter from Louis Giordano, then Director of Management Services, to the Commission urging that it reject the hearing officer's recommendation and order discharge, and (2) when it failed to include in its final decision sufficient findings of fact (Ill. Rev. Stat. 1981, ch. 127, par. 1014). We agree.

Acting pursuant to section 13 of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1981, ch. 127, par. 1013), on November 30, 1983, the hearing officer sent letters to attorneys for Management Services and plaintiff advising them of his recommendation and telling them that either side could file with the Commission responses to his recommendation before December 12, 1983. Attorneys for both sides did so and on December 12, 1983, the previously described letter from Giordano was delivered to the Commission with a copy served upon plaintiff's counsel. Plaintiff contends that receipt of the letter by the Commission violated section 15 of the Act, which states in part:

"Except in the disposition of matters which they are authorized by law to entertain or dispose of on an ex parte basis, neither agency members, employees nor hearing examiners shall, after notice of hearing in a contested case *** communicate, directly or indirectly, in connection with any issue of fact, with any person or party, or in connection with any other issue with any party or his representative, except upon notice and

opportunity for all parties to participate." Ill. Rev. Stat. 1981, ch. 127, par. 1015.

■ Section 15 is stated in terms of a prohibition against communications by persons connected with the adjudicatory agency, here the Commission, rather than those connected with a party to the proceeding such as Management Services whose Director sent the letter here. Moreover, the plaintiff did receive notice of the letter and did have an opportunity to participate by filing, through his attorney, a memorandum in support of the hearing officer's recommendations. We hold that section 15 was not violated.

■ The act of Giordano in sending the letter to the Commission was improper, nevertheless. Management Services maintains that he, as its chief executive, could properly present his views to the Commission. Under section 13 of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1981, ch. 127, par. 1013), *parties* are permitted to present briefs and arguments to the administrative agency charged with the responsibility of making a decision. Giordano's letter met the requirements of such a document. He did not attempt to present factual matters not brought to the attention of the hearing officer. Rather, he argued as to what decision should be based upon that evidence and urged the Commission to develop reasonable guidelines for use in other cases. However, Giordano was not a party to the proceeding. The Department of which he was Director, Management Services, was a party to the proceedings, but it was represented by the Attorney General, who had filed a memorandum in opposition to the hearing officer's report prior to the presentation of the letter. For the additional memorandum to be presented on behalf of the position of Management Services was inherently unfair and prejudicial to plaintiff. The unfairness and prejudice were compounded to some extent by the filing of the letter on the final filing date set by the hearing officer, thus preventing any response. The Commission should have stricken the letter.

Section 14 of the Illinois Administrative Procedure Act states in part:

"A final decision or order adverse to a party (other than the agency) in a contested case shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact,, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." (Ill. Rev. Stat. 1981, ch. 127, par. 1014.)

The final decision of the Commission entered on December 14, 1983,

was in the following words:

"The undersigned, having read the decision of the hearing officer dated November 29, 1983, hereby adopt said decision, to the extent not inconsistent with the comments set forth below, and hereby certify it to the Director of the Department of Central Management Services, State of Illinois, for enforcement.

We reject our hearing officer's conclusion that respondent is not guilty of the charges. It is our opinion that the testimony of each witness reinforces the testimony of the others and proves that respondent is unsuitable to serve as a supervisor with the Illinois Department of Central Management Services. We further believe that the respondent's views as to the marriage relationship were inappropriately expressed to Mary Ann Roberts. In addition, while respondent had not been ordered not to contact potential witnesses, he had been strongly advised not to do so by Mr. Conway of the Department. He violated this injunction. In view of the seriousness of the offenses, we believe discharge is warranted and is so ordered."

■ In general, the findings of fact of an administrative agency must be sufficient to enable a reviewing court to make an intelligent decision. (*Allied Delivery System, Inc. v. Illinois Commerce Com.* (1981), 93 Ill. App. 3d 656, 417 N.E.2d 777.) We agree with plaintiff that the findings of the Commission here failed to meet that standard and failed to meet the requirements of section 14. Five separate charges were made against plaintiff. The order is not sufficiently specific to indicate which charges the Commission found to have been proved.

The evidence concerning the charge involving Mary Ann Roberts was that on one occasion, while speaking with her during a coffee break, plaintiff stated to her in regard to marriage problems that "[t]he only way to make a marriage work is to mess around." Ms. Roberts testified that plaintiff made these remarks but that she did not feel "sexually harassed" by the remarks. The reference to contact of witnesses by plaintiff apparently refers to evidence that plaintiff had stated to Thomas Rebbe that (1) a complainant on another charge had made up a story, possibly because of a two-hour disciplinary session he had had with her, and (2) plaintiff was not going to back down and that "lawsuits will cost a lot of money," thus implying that plaintiff was going to sue those who testified against him at his discharge hearing. Plaintiff had been advised by an investigator for Management Services not to contact prospective witnesses. The record did not clearly indicate what Rebbe might have given testimony about at

the hearing except for the foregoing conversation which resulted from plaintiff's contact with him.

The matters to which the decision of the Commission makes specific reference are the least serious of the charges against plaintiff. The foolish remark which plaintiff is alleged to have made to Mary Ann Roberts is reprehensible but not, of itself, grounds for discharge. The statement attributed to plaintiff by Thomas Rebbe was not taken by Rebbe as a threat to him. Plaintiff had a right to contact potential witnesses and, in any event, there was no showing that Rebbe was a potential witness at the time contact was made with him. We conclude that the evidence concerning the two charges, which the Commission's decision appears to have found to have been proved, was insufficient as a matter of law to support a discharge.

Our decision to reverse is based on the impropriety of the Giordano letter and the insufficiency of the Commission's findings to support an order of discharge. Accordingly, we reverse the judgment of the circuit court affirming the Commission's decision and the decision of the Commission. We remand the cause to the Commission with directions to (1) strike the Giordano letter, (2) reconsider the hearing officer's recommendations and the responses of the parties, and (3) make a decision supported by findings properly set forth.

Reversed and remanded with directions.

WEBBER and MORTHLAND, JJ., concur.