ABE M. LINDERMAN, Plaintiff-Appellant, v. THE ILLINOIS CIVIL SER-VICE COMMISSION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—1955

Opinion filed September 8, 1989.

Stephen A. Yokich, of Cornfield & Feldman, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Abe M. Linderman, filed with the Illinois Civil Service Commission (the Commission) for administrative review of the Illinois Department of Employment Security's (IDES') decision to terminate his employment. The Commission upheld his termination. Plaintiff then filed a complaint in the circuit court of Cook County naming as defendants the Commission, IDES, and the Illinois Central Management Services (ICMS). The trial court affirmed the Commission's ruling which upheld plaintiff's employment termination with IDES. Plaintiff appeals. We affirm.

Plaintiff was employed by IDES as a hearing supervisor. In 1986, a budgetary crisis occurred in IDES (which ultimately resulted in the layoff of hundreds of IDES employees). As a result of this fiscal crisis, a layoff plan was mandated and approved by ICMS, and a series of layoff warnings were given IDES employees. On April 15, 1986, plaintiff was first advised of his proposed layoff, which was to be effective at the close of the business day on May 15, 1986. At various

points thereafter, on April 30 and also on May 15, 1986, plaintiff was again informed by various supervisors that he would be laid off. Each date came and went without plaintiff's layoff being implemented. On May 30, 1986, Linderman again received notice of his layoff, in the mail, effective that day.

Linderman appealed his layoff to the Commission. The Commission requested additional information from him. In his response, Linderman asserted that IDES violated section 302.540 of the Illinois Personnel Rules by imposing a layoff only two days after approval by ICMS. Section 302.540 of the Illinois Administrative Code (80 Ill. Adm. Code §302.540 (1985)) provides that "unless extraordinary operating conditions or events are specified in the proposed layoff plan, no indeterminate layoff shall be effective until ten days after" the director's approval of the plan.

The Commission acknowledged that 10 working days did not elapse between the approval of the layoff plan by ICMS and the effective date of plaintiff's layoff. The Commission, however, concluded that the layoff plan specified "extraordinary operating conditions or events," and that, therefore, the ten-day ICMS approval of the layoff plan was not required, and upheld plaintiff's termination.

Plaintiff filed a complaint in the trial court to review the Commission's decision. The trial court upheld the decision of the Commission.

On this appeal, we consider plaintiff's assertion that he was laid off without proper notice, as required by Illinois Personnel Rules. The other issues presented by the plaintiff were not urged before the trial court and are deemed waived before this court. *Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 143.

■■ In *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 426 N.E.2d 885, the supreme court mandated a two-step process for a reviewing court in reviewing an administrative agency's (the Commission's) decision to discharge an employee: (1) to determine whether the agency's findings of fact are contrary to the manifest weight of the evidence; and (2) to determine whether the findings of fact provide a sufficient basis for the conclusion that cause for discharge does or does not exist. The latter is not tested by the manifest weight of the evidence, but rather whether the decision is arbitrary, unreasonable, or unrelated to the requirements of the service. *Sutton v. Civil Service Comm'n* (1982), 91 Ill. 2d 404, 438 N.E.2d 147; *Secretary of State v. Kunz* (1983), 116 Ill. App. 3d 736, 739, 452 N.E.2d 387, 389; *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1982), 103 Ill. App. 3d 954, 431 N.E.2d 1330.

██ █ In the case at bar, the facts are undisputed and thus the findings are not contrary to the manifest weight of the evidence and there is compliance with the first step. Hence, the second step, whether the Commission's decision is arbitrary and unreasonable, is the determinative issue before us.

Section 302.540 of Title 80 of the Illinois Administrative Code provides:

> "Unless extraordinary operating conditions or events are specified in the proposed layoff plan, no indeterminate layoff shall be effective until ten working days after the Director's approval of the layoff plan." (80 Ill. Adm. Code §302.540 (1985).)

The issue before this court is whether the Commission properly found that "extraordinary operating conditions" existed at the time of Linderman's layoff.

On May 19, 1986, the director of IDES submitted her layoff plan to ICMS for approval. In the layoff plan, the director explained the loss of Federal funding which necessitated the reduction of 300 positions in the workforce. The director further detailed the steps taken by IDES to notify its employees of the funding crisis and its efforts to place IDES employees with other State agencies. At the conclusion of the layoff plan, the director requested a waiver of the 10-day notice rule based on "the severe budgetary crisis in which the agency finds itself." On May 28, 1986, ICMS approved the waiver of the 10-day notice "based on the reason for the layoff and prior employee notification."

On the foregoing facts, the Commission found and ruled that IDES and ICMS had not violated section 302.540. The Commission based its finding on the "extraordinary operating conditions or events" specified in the proposed layoff plan and the notices provided to employees prior to the layoff.

The language of an administrative regulation is to be given its ordinary meaning. (*Kern v. Uregas Service of West Frankfort, Inc.* (1980), 90 Ill. App. 3d 182, 412 N.E.2d 1037.) "Extraordinary" is defined as "not of the ordinary order or pattern." (Webster's Third New International Dictionary 807 (1971).) The Commission validly concluded that a crisis which necessitated the layoff of 300 employees was an extraordinary operating condition. The Commission's decision that IDES and ICMS did not violate section 302.540 by waiving the notice requirement is neither arbitrary nor unreasonable.

Plaintiff asserts that this budgetary crisis was not extraordinary because it was foreseeable. However, there is no language in section 302.540 which defines extraordinary in terms of foreseeability. Section

302.540 was promulgated by ICMS under the authority of the Personnel Code. (80 Ill. Adm. Code §302 (1985); Ill. Rev. Stat. 1985, ch. 127, par. 63b108.) An agency's interpretation of its own rule is entitled to deference on administrative review. (*Buchanan v. Lenz* (1983), 115 Ill. App. 3d 722, 728, 450 N.E.2d 1298.) Therefore, ICMS's interpretation of extraordinary as encompassing IDES's fiscal crisis was properly credited by the Commission and the trial court.

Plaintiff further asserts that IDES' actions caused uncertainty as to whether he would be laid off. Plaintiff admittedly received written notice from the director of IDES on April 15, 1986, advising him that he would be laid off on May 15, 1986. This notice was never rescinded, although the director did not actually lay plaintiff off on May 15. The Commission properly noted this prior warning to plaintiff in determining that ICMS properly waived the notice requirement. But even if plaintiff had received no prior warnings of the impending layoff, the Commission correctly held that ICMS properly waived the required notice under section 302.540.

■ At the conclusion of plaintiff's challenge to the Commission's decision, plaintiff suggests that the Commission erred in failing to grant him a hearing. We disagree.

In an analogous case, *Cohen v. Civil Service Comm'n* (1988), 168 Ill. App. 3d 994, 523 N.E.2d 122, plaintiff, Michael Cohen, as plaintiff in the case at bar, was employed by IDES as a hearing supervisor. Also as in the instant case, Cohen was laid off as a result of a decreased agency budget. Cohen appealed his termination to the Commission asserting that he was laid off in contravention of section 8b.13 of the Personnel Code, which provides that in determining who should be laid off, by reason of lack of funds or work, consideration must be given to one's performance record, seniority and the impact on achieving equal employment opportunity goals. (Ill. Rev. Stat. 1985, ch. 127, par. 63b.108b.13.) Cohen maintained that seniority was not taken into consideration in his termination. The Commission upheld Cohen's termination, and the trial court upheld the Commission's ruling. On appeal, Cohen maintained, as Linderman does in the case at bar, that he was improperly deprived of a hearing by the Commission. This court rejected Cohen's argument and held that "the record before us demonstrates that plaintiff was given an opportunity to respond at every step of the Commission's decision-making process." (*Cohen*, 168 Ill. App. 3d at 999.) Plaintiff in the case at bar likewise presented the Commission with his arguments and was given an opportunity to respond to the contentions of IDES. After a review of both parties' contentions, the Commission determined that no hearing

was necessary. We cannot say the Commission's decision that no substantial issue of fact or law existed was in error or that any due process violation occurred.

The facts surrounding plaintiff's layoff were not disputed. The question of law presented was resolved by reference to a resolution of the language of section 302.540. Whether a budget crisis which resulted in the layoff of hundreds of employees constituted "extraordinary operating conditions" was not a question which required a hearing prior to its resolution.

For the above and foregoing reasons, we conclude that the Commission's decision that IDES and ICMS did not violate section 302.540 is neither arbitrary nor capricious and we affirm the trial court's order upholding plaintiff's termination by the Commission.

Affirmed.

LORENZ and COCCIA, JJ., concur.