DENISE KILLINGSWORTH, Plaintiff-Appellant, v. BRUCE J. FINNE, Secretary, Illinois Civil Service Commission, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—90—2437

Opinion filed February 3, 1993.—Rehearing denied March 9, 1993.

GREIMAN, J., dissenting.

Dale A. DeLoriea, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield (Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Denise Killingsworth, appeals from an order of the circuit court affirming the decision of defendant, Illinois Civil Service Commission (Commission), to discharge plaintiff for cause from her employment with defendant Illinois Department of Public Aid (IDPA). The sole issue on appeal is whether the trial court's order affirming the decision of the Commission is contrary to the manifest weight of the evidence. We affirm.

In April 1986, plaintiff requested and received an unpaid pregnancy leave of absence from her employment as a clerk III at IDPA. In May 1986, plaintiff made application to IDPA for public aid benefits because she was no longer receiving a paycheck due to her unpaid leave of absence. While completing her application, plaintiff indicated to IDPA eligibility specialist Charlene Carter that she was receiving child support in the amount of $175 per month. Carter informed plaintiff that she was required to forward all child support payments to IDPA in Springfield as a condition for receiving public aid benefits.

Plaintiff signed her public aid benefits application, which included the following provision:

"I further agree to forward all child support payments I receive to the Illinois Department of Public Aid."

On July 1, 1986, plaintiff forwarded a child support check in the amount of $103.85 to IDPA in Springfield. Thereafter, plaintiff failed to forward any additional child support payments to IDPA. On November 3, 1986, plaintiff returned from her leave of absence to her position with IDPA.

In February 1987, an IDPA internal investigation discovered that plaintiff did not forward additional child support payments to IDPA after July 1, 1986, while she continued to receive public aid benefits. On August 1, 1987, plaintiff was terminated for cause from her position at IDPA for cashing, receiving and converting to her own use child support checks which she had assigned to IDPA as a condition for her receipt of public aid benefits. She appealed her dismissal to the Commission, which upheld her discharge. Plaintiff filed a complaint for administrative review in the circuit court pursuant to the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 et seq.). The circuit court affirmed the Commission's decision. This appeal followed.

Plaintiff was discharged from her position at IDPA based on the following charges:

"Denise Killingsworth employed by the Department of Public Aid as a Clerk III is discharged for cause, that cause being that she received, cashed and converted to her own use checks for child support which were assigned to the State of Illinois and which she promised to send to the Department of Public Aid upon receipt, in that:

1. On 5/1/86, Ms. Killingsworth applied for Public Assistance and assigned all support rights to the Illinois Department of Public Aid for as long as she was on assistance. She also agreed to forward all child support payments she received to the Department. While Ms. Killingsworth was on Public Assistance, she received $2137.90 in child support payments which she kept and failed to forward $2034.05 of the payments to the Department resulting in overpayments in the amount of $1675.00 being made to her.

2. Ms. Killingsworth failed to report to the Illinois Department of Public Aid that she had received the payments referred to in No. 1 above.

3. The conduct described in No. 1 and 2 above violates Section 8A—2 and/or 8A—4 of Chapter 23 and/or Sections 16—1 and/or 17—6 of Chapter 38 of the Illinois Revised Statutes."

After reviewing the record in its entirety, we find that IDPA has established by clear and convincing evidence that plaintiff violated section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1) when she knowingly failed to forward a minimum of eight child support checks totalling $830.80 to IDPA between July 21, 1986, and November 3, 1986, as required as a condition for receiving public aid benefits. We also find that the sanction of discharge for plaintiff's conduct here is not arbitrary, unreasonable or unrelated to the requirements of service for employment with IDPA. We, therefore, conclude that the trial court's order affirming the decision of the Commission is not contrary to the manifest weight of the evidence.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

TULLY, P.J., concurs.

JUSTICE GREIMAN, dissenting:

I must respectfully dissent.

The majority opinion states: "The sole issue on appeal is whether the trial court's order affirming the decision of the Commission is contrary to the manifest weight of the evidence." 241 Ill. App. 3d at 1027.

However, on appeal, plaintiff raises two questions which are within the scope of our review in these discharge cases.

The Illinois Supreme Court mandates a two-step process when reviewing an administrative agency's decision to discharge an employee.

"A court's scope of review of an administrative agency's decision regarding discharge is a two-step process. First, the court must determine if the agency's findings of fact are contrary to the manifest weight of the evidence. ***

The second step in the court's analysis is to determine if the findings of fact provide a sufficient basis for the agency's conclusion that cause for discharge does or does not exist." *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 550-51, 426 N.E.2d 885.

See also *Walsh v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 101, 105, 449 N.E.2d 115; *Rispoli v. Police Board* (1989), 188

Ill. App. 3d 622, 635-36, 544 N.E.2d 1063; *Linderman v. Illinois Civil Service Comm'n* (1989), 188 Ill. App. 3d 554, 556, 544 N.E.2d 1095.

Regarding the first step, the majority finds that clear and convincing evidence established plaintiff's violation of the criminal offense of theft (Ill. Rev. Stat. 1987, ch. 38, par. 16—1).

Without reaching the merits of such a *sua sponte* determination of a criminal violation, we note that defendants here do not even suggest that plaintiff was guilty of an actual crime. In their brief, defendants expressly state that "the instant case is not one where criminal statutes were made the basis of the charges against plaintiff." Defendants further state that "plaintiff was charged and the administrative hearing was conducted concerning the issue of whether plaintiff improperly withheld child support checks."

Moreover, neither the Commission nor the trial court found plaintiff guilty of any criminal offense. Although IDPA alleged that plaintiff's "conduct violates provisions of the Illinois Public Assistance Act and the Illinois Criminal Code; specifically 23 Ill. Rev. Stat., Sec. 8A2 and 8A4, and 38 Ill. Rev. Stat., Sec. 16—1 and 17—8," the Commission found no statutory violations had been proved and stated:

> "The Petitioner [Department of Public Aid] has proved by a preponderance of evidence that the Respondent [plaintiff] cashed, received, and converted to her own use, funds she was supposed to forward to the Department of Public Aid. *Her conduct is such that even though it may not be in technical violation of provisions of the Public Aid Act or Criminal Code*, it is reprehensible enough to be considered good cause for discharge on the basis of sound public policy considerations. Though *the Department has not proved* the exact amount by which Respondent was overpaid, nor *the specific provisions of the law were violated*, it has proven that the Respondent kept money to which her employer was entitled—conduct which represents good cause for her discharge." (Emphasis added.)

Similarly, the circuit court made no such finding of criminal activity. At the close of the hearing the trial court observed:

> "[N]otwithstanding the declaration that *the specific chapter violations*, Chapter 23 [Public Aid Act], and Chapter 38 [Criminal Code] *were not proven*, the fraud and theft, that that does not mean that a violation of a standard which was sufficient to cause the discharge—in other words, the conduct in the opinion of the Court is cause and that decision that it was cause is not against the manifest weight of the evidence as a matter of law

simply because *the theft charge which was referenced was not proven.*" (Emphasis added.)

Suddenly, when this case reaches the appellate court, plaintiff is found to have committed the criminal offense of theft.

Notwithstanding the majority's curious finding as to plaintiff's criminal guilt, I believe that the first step in the process of review has been satisfied because the agency's findings are not contrary to the manifest weight of the evidence, since there is no dispute that plaintiff failed to forward child support checks to IDPA. Moreover, an agency's factual findings and conclusions are held to be *prima facie* true and correct. Ill. Rev. Stat. 1987, ch. 110, par. 3—110.

I believe the crux of the present case rests with the second required step of the reviewing process, *i.e.,* whether the facts sufficiently constitute cause for discharge.

The majority offers a cursory, one-sentence conclusion without analysis which apparently is meant to refer to this second step:

"We also find that the sanction of discharge for plaintiff's conduct here is not arbitrary, unreasonable or unrelated to the requirements of service for employment with IDPA." 241 Ill. App. 3d at 1029.

Our supreme court has recently observed that the appellate courts of our State are required to provide an analysis and reasons for their decision. *Siegel v. Levy Organization Development Co.* (1992), 153 Ill. 2d 534, 544 ("it is imperative that reviewing courts set forth their rationale and discuss the relevant case law pertaining to the issues in a given case").

Regarding the second step, the Personnel Code prohibits the maximum sanction of discharge except "for cause." (Ill. Rev. Stat. 1987, ch. 127, par. 63b111.) Since no statutory definition of "cause" is provided, the term "has been judicially defined as some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service, and which the law and sound public policy recognize as good cause for no longer holding the position." *Bell v. Civil Service Comm'n* (1987), 161 Ill. App. 3d 644, 649, 515 N.E.2d 248.

In contrast to factual findings, an agency's determination of cause for discharge is not *prima facie* true and correct but rather is subject to judicial review. (*Bell,* 161 Ill. App. 3d at 648, citing *Brown v. Civil Service Comm'n* (1985), 133 Ill. App. 3d 35, 39, 478 N.E.2d 541.) Accordingly, an agency's "determination to discharge an employee may be overturned if the decision is arbitrary, unreasonable, or unrelated to the requirements of the service." *Bell,* 161 Ill. App. 3d at 648.

We do not lightly overturn the sanctions imposed by the agency, but we may take this extraordinary action where such sanctions are overly harsh and may consider mitigating circumstances in our determination. The test is not whether we may substitute our judgment for the judgment of the agency, the Commission or the trial court, but whether in view of the circumstances, the agency acted unreasonably or arbitrarily. *Pelling v. Illinois Racing Board* (1991), 214 Ill. App. 3d 675, 574 N.E.2d 116.

Plaintiff had been a welfare recipient, off and on, for a number of years and was employed by IDPA as a clerk III requiring her to answer the telephone at the front desk, give applicants some assistance and to receive papers and filings. On at least one prior occasion when plaintiff was a recipient, she was required to file suit against IDPA to obtain benefits which were rightfully due her.

At the time she took maternity leave from IDPA, plaintiff was a single mother with four children supporting herself with her IDPA wages and a small child support award. While the evidence is clear that she did not remit the child support during her maternity leave, the record is anything but clear as to her understanding of the process and the appropriate disposition of checks to be received in the future. Although plaintiff allegedly lacked an understanding as to where the checks should be forwarded, she was aware at all times that she was not entitled to retain the child support; however, the hearing officer and the Commission should have considered her confusion as evidence of her mental state and lack of intent to defraud IDPA.

The majority and the trial court conclude that the findings of fact are not contrary to the manifest weight of the evidence. However, we must also determine whether these findings constitute an appropriate basis for discharge. *Rispoli*, 188 Ill. App. 3d at 635; *Linderman*, 188 Ill. App. 3d at 556.

Moreover, the agency has a responsibility to show in dealing with its employees and the public that its directions and instructions are clear and concise and that the recipient has an appropriate understanding of responsibilities to be imposed. *Brown*, 133 Ill. App. 3d 35, 478 N.E.2d 541.

Occasionally, resort must be had to the public purposes or expressed goals of agencies created by State government. Section 1–1 of the Illinois Public Aid Code provides that IDPA should "encourage and assist applicants and recipients to maintain a livelihood compatible with health and well being and to develop their self-reliance and realize their capacities for self-care, self-support, and responsible citi-

zenship." (Ill. Rev. Stat. 1987, ch. 23, par. 1—1.) Moreover, the Personnel Code exists to protect the public, and in carrying out that purpose, it protects civil service employees. *Brown v. Department of Corrections* (1990), 199 Ill. App. 3d 648, 650, 557 N.E.2d 492.

While we ought not to applaud plaintiff's neglect in forwarding the support payments received, there are other options which IDPA might have explored. The Personnel Code provides for a 30-day suspension (Ill. Rev. Stat. 1987, ch. 127, par. 63b111), and IDPA may enter into agreements with recipients for restitution where overpayments have occurred. Instead, IDPA chose to discharge plaintiff from its employ. The trial judge shared my concern in this regard in remarking:

> "The second aspect, and I think that it was the most troublesome for me, is the extent of the sanctions of discharge and whether or not that is arbitrary, capricious, and does not serve the ends of the institution here or the public body that is involved. It is a factor, I think, that has to be contrasted with the type of position that this plaintiff [held] and the responsibility that this plaintiff had."

I believe that the maximum sanction of discharge under the circumstances of this case was unreasonable and arbitrary.

A concern may be voiced that plaintiff would be entitled to a significant lump sum were we to reinstate her to employment at this time. However, the Personnel Code is clear that the State would receive a credit against the compensation due plaintiff for amounts earned by the employee from any other source and unemployment compensation payments (Ill. Rev. Stat. 1991, ch. 127, par. 63b111b) as well as a credit for any public aid that she may have received during the period after discharge.

Although plaintiff has failed to comply with the requirements of the Public Aid Code in reporting and remitting the sum of $830.80 in child support, IDPA and the courts should be mindful of the mission and goal of IDPA as expressed in section 1—1 of the Public Aid Code and fashion a remedy to fit the offense. I would require plaintiff's reinstatement and return the matter to the Commission to fashion a remedy more compatible with the goals of the Public Aid Code.