ANTHONY BROWN *et al.*, Plaintiffs-Appellees, v. THE DEPARTMENT OF CORRECTIONS *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—88—3791

Opinion filed May 25, 1990.—Rehearing denied July 2, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellants.

Gail E. Mrozowski, of Cornfield & Feldman, of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Various State agencies, the Department of Corrections, State of Illinois (DOC), the Department of Central Management Services, State of Illinois (DCM), and the Civil Service Commission (CSC), State of Illinois, appeal from a decision of the circuit court of Cook County reversing an order of the Civil Service Commission in a case involving State employees at a State correctional center. The plaintiffs are Anthony Brown and 15 other employees of the DOC at its Statesville facility. The facts are not in dispute.

The plaintiffs held the position described as correctional therapy worker. The duties associated with the position of correctional therapy worker appeared to be the providing of recreational services to inmates in conjunction with providing security. In 1981 a group audit was performed on the position of correctional therapy worker. As a result of the audit the plaintiffs were reallocated downward to the position of correctional officer. The effect of this job action was to transfer plaintiffs from the leisure time services department of the Statesville Correctional Center to the security department.

Plaintiffs filed a complaint with the Civil Service Commission charging that the downward reallocation from correctional therapy workers to corrections officers violated the Illinois Personnel Code

(Ill. Rev. Stat. 1985, ch. 127, par. 63b101) and rules promulgated thereunder.

After a hearing, the hearing officer concluded that the reallocation was improper and violated the Personnel Code and rules. In so finding, the hearing officer assessed the reallocation on three criteria: (1) that more than 50% of the duties remained the same; (2) that similar qualifications were required; and (3) the change did not drastically alter the intent of the position. The hearing officer concluded that the change altered the original intent of the employees' position. Since all three criteria for reallocation were not met, the hearing officer held that reallocation was an improper method for reallocating the plaintiffs to the position of correctional officer. The Civil Service Commission adopted the hearing officer's findings but rejected the conclusion that the impropriety in the reallocation violated the Personnel Code.

Plaintiffs filed an administrative review action with the circuit court of Cook County to review the Civil Service Commission's order.

On November 30, 1989, the trial court entered its final order reversing the Civil Service Commission, making the following findings:

> (1) the findings of the hearing officer are not contrary to the manifest weight of the evidence, and

> (2) if the Commission (Civil Service Commission) reversed the findings of the hearing officer the decision would be against the manifest weight of the evidence; however, the Commission adopted the findings of the hearing officer and there is no support for the finding of the Commission (Civil Service Commission) that no violation occurred.

The defendants filed a prompt appeal.

■ The State departments argue on appeal that the reallocation did not violate the Personnel Code. The State departments argue that the Commission, recognizing the hearing officer's ruling that the employees were misassigned, characterized personnel's use of reallocation as "irregular" rather than "improper." The pertinent provision of the Illinois Personnel Code involved in this case is section 2 of that law (Ill. Rev. Stat. 1985, ch. 127, par. 63b102). The Personnel Code reads, "Purpose. The purpose of the Personnel Code is to establish for the government of the State of Illinois a system of personnel administration under the Governor, based on merit principles and scientific methods." Ill. Rev. Stat. 1985, ch. 127, par. 63b102.

In applying civil service laws, Illinois courts have held that the reason for the existence of a Personnel Code is to protect the public and in carrying out that purpose they protect civil service employees. *People v. Niewinski* (1957), 13 Ill. App. 2d 307, 142 N.E.2d 151.

■■ ■ It is settled law that the findings of fact of the Civil Service Commission are *prima facie* true. Unlike findings of fact, agency determinations of cause are not *prima facie* true and correct. (*Jenkins v. Universities Civil Service Merit Board of State Universities Civil Service System* (1982), 106 Ill. App. 3d 215, 221, 435 N.E.2d 804, 809.) A reviewing court is not required to give an administrative agency's conclusion of law the same deference that it gives its findings of fact. (*Flex v. Department of Labor* (1984), 125 Ill. App. 3d 1021, 1024, 466 N.E.2d 1050, 1053.) A court may affirm a factual conclusion as not against the manifest weight of the evidence. However, even if the court might reach an opposite conclusion, a court cannot let a decision stand based upon an erroneous construction of the statute. *Nestle Co. v. Johnson* (1979), 68 Ill. App. 3d 17, 19, 385 N.E.2d 793, 795.

■ Based on the above-settled rules we must affirm the trial judge. The hearing officer issued a recommended finding of fact that the reallocation was improper. The Civil Service Commission adopted those findings. Therefore, the Commission's conclusion based on those findings, to wit "that the reallocation process was irregular but did not rise to a violation of the code," was not binding on the trial court.

■ Nothing in the civil service code authorizes or permits either an improper or irregular reallocation plan. The act and the law specifically indicate that its purpose is to protect employees even in connection with their classification. (Ill. Rev. Stat. 1987, ch. 127, par. 63b110.) The jurisdiction of the Civil Service Commission is a limited one and any authority claimed by it must be conferred upon it by statute. (*People v. Niewinski* (1957), 13 Ill. App. 2d 307, 142 N.E.2d 151.) Nothing in the statute confers on the Civil Service Commission the jurisdiction to uphold either an irregular or improper reallocation policy.

For the above reasons, we affirm the trial judge.

Judgment affirmed.

LORENZ and GORDON, JJ., concur.