Docket No. 95913–Agenda 34–September 2003.

LINETTE METZGER, Appellee, v. TIMOTHY DaROSA 
et al.
, Appellants.

Opinion filed February 20, 2004.

JUSTICE KILBRIDE delivered the opinion of the court:

This case is before us on questions of Illinois Law certified by the United States Court of Appeals for the Seventh Circuit. 145 Ill. 2d R. 20. The certified questions are:

“1. Does Section 19c.1 of the Illinois Personnel Code, 20 ILCS 415/19c.1, create an implied private right of action?

2. If there is an implied private right of action under Section 19c.1, is that action limited to one against the employer (
i.e.
, the State of Illinois), or may it also be brought against individual employees (
i.e.
, supervisors, managers, or others who retaliate against the whistleblower)?”

For the reasons that follow, we hold that under Illinois Law, section19c.1 of the Personnel Code (20 ILCS 415/19c.1 (West 2002)) does not create an implied private right of action.

I. BACKGROUND

In the underlying case, Linette Metzger (Metzger), an employee of the Illinois State Police, filed a multiple-count action in federal court against the State Police and several individuals, alleging sexual harassment, gender discrimination, and retaliation in violation of federal statutes and constitutional provisions, and one count of a violation of section19c.1 of the Personnel Code (20 ILCS 415/19c.1 (West 2002)).

The parties have differing interpretations of the events that led to this action. According to Metzger, she reported multiple attendance abuses involving employees who were paid for days when they were not at work, giving the Department of Internal Investigation (DII) over 40 pages of documentation. The DII returned the documents to Metzger and told her to inform her supervisor. Metzger informed her supervisor, Betsy Wasmer-Ryherd (Wasmer), by e-mail. Wasmer immediately charged Metzger herself with attendance abuse to DII, but the allegations were never substantiated. Wasmer then transferred Metzger to another division and revoked her 24-hour building access privileges. At her new division, Metzger had no work assignments for some time. Metzger also claimed that Wasmer and others attempted to retaliate further by changing Metzger’s work schedule at her new job without discussing it with her new supervisor. According to Metzger, the transfer adversely affected her chances for promotion and job advancement.

According to defendants, Metzger first told Wasmer in 1996 that another employee was not properly accounting for time off. Wasmer discussed the matter with the employee and corrected the records to charge two days off against the employee. Two years later, without asking Wasmer if the problem had been corrected, Metzger reiterated the complaint to the DII. The DII told Metzger to discuss it with Wasmer. When Wasmer received Metzger’s e-mail, she checked all the employee time records and discovered that Metzger was frequently late for work. Wasmer also suspected that Metzger was going through other employees’ desks after hours. Wasmer requested that Metzger be transferred to another unit and revoked Metzger’s 24-hour building access.

The jury found in Metzger’s favor on the count alleging violation of section19c.1of the Personnel Code and awarded damages. All other counts were decided in favor of the defendants by court ruling or verdict. Both parties appealed.

On appeal, the state defendants argued that there is no implied right of action under section19c.1 
and that the verdict on that count should be reversed. Alternatively, defendants argued any cause of action implied by that statute would only lie against the State of Illinois and a federal action against the state is barred by the eleventh amendment.

Perceiving a need for this court to decide authoritatively the issue of whether section19c.1 of the Personnel Code creates an implied private right of action and, if there is such a right, whether that action is limited to one against the employer (
i.e.
, the State of Illinois), or whether it may also be brought against individual employees (
i.e.
, supervisors, managers, or others who retaliate against the whistleblower), the United States Court of Appeals for the Seventh Circuit certified these questions to this court pursuant to Supreme Court Rule 20 (145 Ill. 2d R. 20).
(footnote: 1) We agreed to answer the certified questions.

II. ANALYSIS

We are first asked to answer the following certified question:

“1. Does Section 19c.1 of the Illinois Personnel Code, 20 ILCS 415/19c.1, create an implied private right of action?”

Since the resolution of the certified question involves an interpretation of the Personnel Code (20 ILCS 415/1 
et seq.
 (West 2002)), it presents a question of law that we review 
de novo
. 
Carver v. Sheriff of La Salle County
, 203 Ill. 2d 497, 506-07 (2003). In construing the meaning of a statute, the primary objective of this court is to ascertain and give effect to the intention of the legislature, and all other rules of statutory construction are subordinated to this cardinal principle. 
Carver
, 203 Ill. 2d at 507. The plain language of the statute is the best indicator of the legislature’s intent. 
Allstate Insurance Co. v. Menards, Inc.
, 202 Ill. 2d 586, 591 (2002). When the statute’s language is clear, it will be given effect without resort to other aids of statutory construction. 
Petersen v. Wallach
, 198 Ill. 2d 439, 445 (2002).

Section 19c.1 of the Personnel Code provides:

“(1) In any case involving any disclosure of information by an employee which the employee reasonably believes evidences–

(i) a violation of any law, rule, or regulation; or

(ii) mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety if the disclosure is not specifically prohibited by law, the identity of the employee may not be disclosed without the consent of the employee during any investigation of the information and any related matters.

(2) 
No disciplinary action shall be taken against any employee for the disclosure of any alleged prohibited activity under investigation or for any related activity. For the purposes of this Section, disciplinary action means any retaliatory action taken against an employee, including but not limited to reprimand, suspension, discharge, demotion or denial of promotion or transfer
.” (Emphasis added.) 20 ILCS 415/19c.1 (West 2002).

Section 19c.1 does not articulate any precise relief for a state employee who suffers retaliatory action in violation of this provision. Nor does any other provision of the Personnel Code expressly provide state employees with the right to pursue an action for damages under section 19c.1. The lack of specific statutory language granting such a right, however, is not necessarily dispositive because a court may determine that a private right of action is implied in a statute. See 
Fisher v. Lexington Health Care, Inc.
, 188 Ill. 2d 455, 460 (1999); 
Rodgers v. St. Mary’s Hospital of Decatur
, 149 Ill. 2d 302, 308 (1992); 
Sawyer Realty Group, Inc. v. Jarvis Corp.
, 89 Ill. 2d 379, 386-87 (1982). Metzger urges this court to find that section 19c.1 implies a private right of action for state employees who are subjected to retaliatory action for reporting wrongdoing by other state employees.

This court recently reiterated that there are four factors to be considered in determining if a private right of action may be implied from a statute:

“Implication of a private right of action is appropriate if: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff’s injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute.” 
Fisher
, 188 Ill. 2d at 460 (citing 
Rogers
, 149 Ill. 2d at 308, and 
Corgan v. Muehling
, 143 Ill. 2d 296, 312-13 (1991)).

In 
Fisher
, plaintiffs sought to pursue an action for damages under section 3–608 of the Nursing Home Care Act (210 ILCS 45/3–608 (West 1996)). Section 3–608 provides:

“A [nursing home facility] licensee or its agents or employees shall not transfer, discharge, evict, harass, dismiss, or retaliate against a resident, a resident’s representative, or an employee or agent who makes a report *** or brings or testifies in an action *** or files a complaint *** because of the report, testimony, or complaint.” 210 ILCS 45/3–608 (West 1996).

In applying the four factors, this court determined that section 3–608 does not imply a private right of action for nursing home employees who are retaliated against by their employer. 
Fisher
, 188 Ill. 2d at 460. First, we determined that plaintiffs were not members of the class that the Nursing Home Care Act was enacted to protect, and that their injuries were not the type the statute was designed to prevent. 
Fisher
, 188 Ill. 2d at 460. Moreover, we concluded that implying a private cause of action under the Nursing Home Care Act was not necessary to provide an adequate remedy for violations of the Act. 
Fisher
, 188 Ill. 2d at 460. We reasoned that the Nursing Home Care Act was enacted for the purpose of protecting and benefitting nursing home residents and that the Act was designed to prevent abuse and neglect of nursing home residents as well as other violations of residents’ rights. 
Fisher
, 188 Ill. 2d at 462. We also reasoned that the legislature had provided an adequate statutory framework to encourage reporting of violations and to punish retaliation. 
Fisher
, 188 Ill. 2d at 467. Accordingly, we held that section 3–608 of the Nursing Home Care Act does not imply a private right of action for nursing home employees who are retaliated against by their employer. 
Fisher
, 188 Ill. 2d at 468.

The case before us now is similar to 
Fisher
. In applying the factors delineated in 
Fisher
, we first consider whether Metzger is a member of the class for whose benefit the statute was enacted. The General Assembly enacted the Personnel Code in 1955 “to revise the law in relation to personnel administration and to make appropriations in connection therewith.” 1955 Ill. Laws 2208 (eff. July 18, 1955). The stated purpose of the Personnel Code is “to establish for the government of the State of Illinois a system of personnel administration under the Governor, based on merit principles and scientific methods.” 20 ILCS 415/2 (West 2002). Metzger argues that the plain language of section 2 of the Personnel Code indicates that it was designed to protect civil service employees. Defendants argue that the general public is the class for whose benefit the Personnel Code was enacted.

When interpreting legislative enactments, we must read the statute as a whole and not as isolated provisions. 
Fisher
, 188 Ill. 2d at 463. Illinois courts have determined that the purpose of the Personnel Code is to ensure competent employees for government bodies and, in carrying out that purpose, to protect state employees from discharge for political or capricious reasons. See 
Brown v. Department of Corrections
, 199 Ill. App. 3d 648, 650 (1990); 
Hacker v. Myers
, 33 Ill. App. 2d 322, 333 (1961); 
People v. Niewinski
, 13 Ill. App. 2d 307, 314 (1957). Moreover, this court has held that the purpose of civil service laws is to increase the efficiency of the public service to obtain better practical results in state service by improving methods, using the services of the employees in the best manner in order that the state may obtain its money’s worth in the services rendered. See 
People ex rel. Baird v. Stevenson
, 270 Ill. 569, 573-74 (1915).

When viewed as a whole, it is clear that the Personnel Code was primarily designed to benefit the state and the people of Illinois by ensuring competent employees for government bodies. The protections afforded state employees under the Personnel Code are incidental to the overall purpose. Although section 19c.1 protects state employees from retaliatory action, it does so to advance the Personnel Code’s central purpose of advancing the interest of the state and the public by encouraging state employees who become aware of wrongdoing by other state employees to report the wrongdoing. See, 
e.g.
, 
Fisher
, 188 Ill. 2d at 463 (primary purpose of Nursing Home Care Act is to protect nursing home residents, despite specific provision protecting nursing home employees from retaliation for reporting violation of Act). Accordingly, we conclude that the Personnel Code was enacted primarily to benefit the state and the people of Illinois by providing efficient government administration. Therefore, Metzger is not a member of the primary class for whose benefit the statute was enacted.

Next, we consider whether Metzger’s injury is one the statute was designed to prevent. Again, in interpreting the Personnel Code, we must read the statute as a whole and not as isolated provisions. 
Fisher
, 188 Ill. 2d at 463. While section 19c.1 specifically prohibits retaliating against an employee who reports wrongdoing, the statute’s broad purpose is to protect the public by “establish[ing] for the government of the State of Illinois a system of personnel administration *** based on merit principles and scientific methods.” 20 ILCS 415/2 (West 2002).

Just as state employees are not the class for whom the statute was primarily enacted to benefit, it is clear that the Personnel Code was not primarily designed to prevent retaliation against state employees.

We next consider whether a private right of action is consistent with the underlying purpose of the Personnel Code. The Personnel Code prescribes procedures for appointment, promotion, and removal of state employees, and prohibits certain discriminatory and politically based misconduct. Although the Personnel Code incidentally protects state employees such as Metzger, no civil remedy is provided for those employees injured by its violation. See, 
e.g.
, 
Davis v. Dunne
, 189 Ill. App. 3d 739, 741-42 (1989).

State employees who report misconduct serve the public interest, and protecting them from retaliatory action is, therefore, in the public interest. However, providing an implied right of action for state employees against the state would deprive the state of its independent ability to manage its employees and to decide whether an action is retaliation or appropriate management, and would instead vest that power in a court. Accordingly, we hold that a private right of action would be inconsistent with the underlying purpose of the Personnel Code.

Finally, we examine whether implying a private right of action is necessary to provide an adequate remedy for violations of the Personnel Code. This court has implied a private right of action under a statute “only in cases where the statute would be ineffective, as a practical matter, unless such an action were implied.” 
Fisher
, 188 Ill. 2d at 464. While encouraging honesty and candor among state employees is consistent with the underlying purpose of the Personnel Code, implying a private right of action for state employees is not necessary to achieve that purpose.

Metzger argues that under 
Rodgers v. St. Mary’s Hospital of Decatur
, 149 Ill. 2d 302 (1992), this court should imply a private right of action. In 
Rodgers
, after determining that the plaintiff was a member of the class for whose benefit the X-Ray Retention Act (210 ILCS 90/0.01
 et seq
. (West 2000)) was enacted and that plaintiff’s injury was one the Act was designed to prevent, this court noted that the Act provides no specific administrative remedy for a violation of the Act. 
Rodgers
, 149 Ill. 2d at 308-09. We further noted that administrative remedies would not provide an adequate remedy to those injured by violations of the Act and that the threat of liability is an efficient method of enforcing the regulation. 
Rodgers
, 149 Ill. 2d at 309. Accordingly, we concluded that a private cause of action was necessary to provide an adequate remedy for violations of the Act and that it was consistent with the underlying purpose of the Act.

Unlike the X-Ray Retention Act at issue in 
Rodgers
, the Personnel Code expressly provides sanctions and remedies for violations of its provisions: (1) an administrative process through the Civil Service Commission for both discipline and protection of state employees (20 ILCS 415/10(6), 11 (West 2002)); (2) judicial review of the Civil Service Commission’s administrative decisions (20 ILCS 415/11a (West 2002)); (3) authority for the Director of Central Management Services to institute and maintain any action or proceeding to secure compliance with the Personnel Code and its implementing rules and orders (20 ILCS 415/16 (West 2002)); and (4) criminal penalties for violation of any provision of the Personnel Code (20 ILCS 415/18 (West 2002)). These mechanisms are sufficient to encourage the reporting of violations of the Personnel Code and to prevent and punish retaliatory action against state employees who make such reports.

Metzger could have filed a grievance under the Personnel Code, but she did not. She complains that the grievance procedure does not provide for compensation for the damages she suffered. However, Metzger’s argument inappropriately focuses on the claimed right to compensation for her injuries rather than on whether adequate remedies are provided to make compliance with the Personnel Code likely. See 
Fisher
, 188 Ill. 2d at 464 (private right of action under statute will be implied only where the statute would be ineffective, as a practical matter, unless such an action were implied).

Metzger further contends that the criminal penalties imposed for violation of the Personnel Code are inadequate to ensure compliance with the statute and that this court should, therefore, imply a private right of action. Violation of the Personnel Code is a Class B misdemeanor and is punishable by a $1,500 fine and imprisonment for no more than six months. 730 ILCS 5/5–9–1(3) (West 2002); 730 ILCS 5/5–8–3(2) (West 2002). Metzger argues that these penalties are minimal and serve as only a minor deterrent. The purpose of the criminal penalties is not to compensate employees, but to assure compliance with the Personnel Code. Here, criminal penalties are but one of the enforcement mechanisms provided by the legislature. One who violates the Personnel Code may also be subject to demotion, suspension, or discharge. See 20 ILCS 415/8b.15, 8b.16, 11 (West 2002). Accordingly, we disagree with Metzger that a private right of action must be implied to ensure compliance with the statute.

The legislature has provided a statutory framework to encourage reporting of Personnel Code violations and to punish retaliatory action against state employees. The legislature could have granted state employees a private action for damages, but it did not do so. We cannot say that the statutory framework of the Personnel Code is so deficient that it is necessary to imply a private right of action for employees to effectuate its purpose. See 
Fisher
, 188 Ill. 2d at 467.

The Personnel Code provides a comprehensive statutory scheme for redress of Metzger’s type of injury. The Personnel Code’s statutory scheme demonstrates that no implied private right of action was intended by the legislature. The Personnel Code provides that a state employee alleging retaliatory action in the form of discharge, demotion, or suspension may appeal to the Commission. See 20 ILCS 415/11 (West 2002). The Personnel Code further provides for judicial review of the Commission’s decision pursuant to the Administrative Review Law. 20 ILCS 415/10(6), 11a (West 2002). Where the statute creating or conferring power on an administrative agency expressly adopts the Administrative Review Law, a circuit court has no authority to entertain an independent action. 
Dubin v. Personnel Board
, 128 Ill. 2d 490, 497-98 (1989). Given that the Personnel Code provides for administrative remedies, we conclude that the legislature intended the Administrative Review Law to be the exclusive remedy under the Code in cases of retaliatory action involving discharge, demotion, or suspension. See, 
e.g.
, 
Massachusetts Mutual Life Insurance Co. v. Russell
, 473 U.S. 134, 147, 87 L. Ed. 2d 96, 107, 105 S. Ct. 3085, 3093 (1985) (“ ‘The presumption that a [private] remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement’ ”), quoting 
Northwest Airlines, Inc. v. Transport Workers Union of America
, 451 U.S. 77, 97, 67 L. Ed. 2d 750, 767, 101 S. Ct. 1571, 1583-84 (1981). The legislature intended the Administrative Review Law to be the exclusive remedy under the Personnel Code in cases of retaliatory action by discharge, demotion, or suspension. Thus, in providing that the Administrative Review Law is applicable, the legislature has demonstrated its intent that no private right of action be employed for discharge, demotion, or suspension.

Where, as in Metzger’s case, the alleged retaliatory conduct does not involve discharge, demotion, or suspension, section 16 of the Personnel Code authorizes the Director to institute and maintain any action or proceedings to secure compliance with the Personnel Code, and, pursuant to that authorization, the Department of Central Management Services regulations provide that an employee may file a grievance with the Director. 20 ILCS 415/16 (West 2002); 80 Ill. Adm. Code §303.20 (2002). Just as the legislature intended the Administrative Review Law to be the exclusive remedy under the Personnel Code in cases of retaliatory conduct involving discharge, demotion, or suspension, when a statute grants a state official broad authority to enforce the statute, we believe it indicates the legislature’s intent not to imply a private right of action for others to enforce the statute.

In his dissent, Justice Rarick contends that the recent passage of the State Officials and Employee Ethics Act (Pub. Act 93–615) expresses the legislature’s clear intent that state employees who blow the whistle on government misconduct must have specific redress in the courts. Slip op. at 16 (Rarick, J., dissenting). The State Employee Ethics Act applies, however, only to causes of action that accrue on or after November 19, 2003 (Pub. Act 93–615, §1–10), and is not applicable to Metzger’s pre-November 19, 2003, claim. The passage of the new legislation merely reinforces our conclusion that where the legislature intends to create a private right of action for damages, it will expressly provide for the right.

We further note that the Personnel Code expressly provides a private right of action in the payroll certification provision. 20 ILCS 415/12a (West 2002). The familiar maxim 
expressio unius est exclusio alterius
 is an aid of statutory interpretation meaning “the expression of one thing is the exclusion of another.” Black’s Law Dictionary 581 (6th ed. 1990). “Where a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions ***.” 
Burke v. 12 Rothschild’s Liquor Mart, Inc.
, 148 Ill. 2d 429, 442 (1992). This rule of statutory construction is based on logic and common sense. It expresses the learning of common experience that when people say one thing they do not mean something else. The maxim is closely related to the plain language rule in that it emphasizes the statutory language as it is written. 2A N. Singer, Sutherland on Statutory Construction § 47.24, at 228, §47.25 at 234 (5th ed. 1992). Where, as here, the legislature has expressly provided a private right of action in a specific section of the statute, we believe the legislature did not intend to imply private rights of action to enforce other sections of the same statute.

Moreover, this court has consistently sought to restrict the common law tort of retaliatory discharge. See 
Fisher
, 188 Ill. 2d at 467. This court has, on occasion, recognized an implied civil common law remedy for retaliatory discharge. See 
Kelsay v. Motorola, Inc.
, 74 Ill. 2d 172 (1978) (discharge for asserting worker’s compensation claim); 
Palmateer v. International Harvester Co.
, 85 Ill. 2d 124 (1981) (discharge for whistleblowing). We have, however, 
never 
recognized a common law tort for any injury short of actual discharge. See 
Zimmerman v. Buchheit of Sparta, Inc.
, 164 Ill. 2d 29 (1994) (no implied cause of action for retaliatory demotion in a workers’ compensation case); see also 
Fisher
, 188 Ill. 2d 455 (no implied cause of action for retaliatory conduct under Nursing Home Care Act (210 ILCS 45/3-608). As this court noted in 
Fisher
: “[g]iven this court’s reluctance to expand the common law in this area, we must also hesitate to imply such actions under a statute without explicit legislative authority.” 
Fisher
, 188 Ill. 2d at 468.

Because we conclude that section 19c.1 of the Personnel Code does not imply a private right of action for state employees who are retaliated against by other state employees, we need not address the second certified question.

III. CONCLUSION

For the foregoing reasons, we answer the first question certified to us by the United States Court of Appeals for the Seventh Circuit as follows: we hold that section19c.1 of the Personnel Code (20 ILCS 415/19c.1 (West 2002)) does not create an implied private right of action. We answer only the certified question and our holding does not implicate what other remedies may be available to Metzger.

Certified question answered
.

JUSTICE FREEMAN, dissenting:

I strongly disagree with Justice Rarick’s contention that the analysis employed in 
Fisher v. Lexington Health Care, Inc.
, 188 Ill. 2d 455 (1999), 
was an “analytical error” (slip op. at 13) (Rarick, J., dissenting). Nevertheless, I do agree with Justice Rarick that relevant distinctions exist between the Personnel Code and the Nursing Home Care Act, which was at issue in 
Fisher
. Accordingly, I believe that 
Fisher
 does not dictate the result in this case, and I agree with Justice Rarick that the appropriate result in this case would be to imply a private right of action for the violation of the Personnel Code’s whistleblower statute (20 ILCS 415/19c.1 (West 2002)).

JUSTICE RARICK, also dissenting:

In stating the facts underlying this litigation, the majority notes that the parties “have differing interpretations of the events that led to this action.” It then proceeds to recount each side’s version of what occurred as if the matter remains in dispute. The flaw in this approach is that the matter has proceeded to final judgment following a jury trial in the federal courts. Plaintiff prevailed on her claim under section 19c.1 of the Personnel Code (20 ILCS 415/19c.1 (West 2002)) and was awarded $138,379.

 Although defendants have filed an appeal from the judgment with the federal court of appeals, that appeal does not challenge the sufficiency of the evidence supporting the jury’s finding in favor of plaintiff on the question of liability. If the facts supporting liability are not questioned in the federal action, they cannot be questioned here. We do not sit as a court of review for the federal district court. The matter is before us on certification of questions of law from the United States Court of Appeals for the Seventh Circuit. Our function is limited to answering those questions. 
Yang v. City of Chicago
, 195 Ill. 2d 96, 102 (2001).

 Given the procedural posture of this case, we must assume that plaintiff, a state employee, suffered adverse disciplinary action in retaliation for having disclosed that some of her coworkers were improperly taking time off work without using benefit time. We must further assume that the retaliatory action taken against plaintiff contravened section 19c.1(2) of the Personnel Code (20 ILCS 415/19c.1(2) (West 2002)). Contrary to the majority, I would hold that plaintiff was entitled to assert a private right of action to recover damages for the injuries she sustained as a result of that statutory violation. In my view, plaintiff was a member of the class for whose benefit section 19c.1 of the Personnel Code was enacted, the injury she suffered was one the statute was designed to prevent, a private right of action is consistent with the underlying purpose of the statute, and implying a private right of action is necessary to provide an adequate remedy for violation of the statute. See 
Rodgers v. St. Mary’s Hospital of Decatur
, 149 Ill. 2d 302, 308 (1992).

The majority reaches the opposite result by perpetuating an analytical error made in 
Fisher v. Lexington Health Care, Inc.
, 188 Ill. 2d 455 (1999). As the court did in that case, the majority here directs attention away from the particular legislative provision that was violated and focuses instead on broad and generic purposes behind the statutory scheme to which that provision belongs. It justifies this approach by invoking the doctrine that when interpreting legislative enactments, we must read the statute as a whole. That doctrine, however, is inapplicable to this case. It pertains to situations where there is a dispute over how particular terms of a statute should be construed. See, 
e.g.
, 
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990). When ascribing meaning to the words used in a statue, we look to the statute as a whole because we assume that the legislature intended to act consistently and to give meaning to every word and phrase it employed. How it used terms in one part of a statute is a useful guide to understanding how it intended to use terms elsewhere.

The problem facing us in this case is different. There is no debate as to what the terms of section 19c.1 mean. Its provisions are clear and unambiguous. What confronts us here is the much larger question of whether Illinois law allows aggrieved employees to sued for damages when the statute is violated. Ultimately, that is a question of public policy (see 
Corgan v. Muehling
, 143 Ill. 2d 296, 314-15 (1991)), not textual analysis.

Even if the majority’s approach were sound, its result is not. The Nursing Home Care Act at issue in 
Fisher v. Lexington Health Care, Inc.
 may have been intended primarily to benefit nursing home residents, rather than nursing home employees. The Personnel Code, however, is concerned exclusively with state employees and the terms and conditions of their employment. From beginning to end, it focuses entirely on personnel matters. That is why it is called the Personnel Code. Under these circumstances, the majority’s assertion that personnel employed by the state are merely “incidental” beneficiaries of the state’s Personnel Code is untenable.

It is true that enforcement of the Personnel Code will also benefit of the state and the people of Illinois. But improving the common good is supposed to be the ultimate objective of every law the General Assembly enacts. If we use that as the standard, there will be no set of circumstances in which the requirements for implying a private right of action will ever be satisfied. Justice Harrison’s charge in 
Fisher v. Lexington Health Care, Inc.
 that implied private rights of action have been abolished in Illinois (
Fisher
, 188 Ill. 2d at 469 (Harrison, J., dissenting)) will be borne out. That is not a result I am willing to endorse.

I likewise reject the majority’s assertion that recognizing a private right of action would be inconsistent with the Personnel Code’s purposes. The Code’s overarching objective is to create a system of personnel administration based on merit and scientific principles. 20 ILCS 415/2 (West 2002). Eliminating mismanagement, waste, abuse of authority, and the violation of laws and regulations by government employees are integral to that goal. The problem is that those types of inefficiencies and wrongdoing are among the most difficult to police. The nature of governmental bureaucracies is such that graft, corruption, mismanagement, and illegal conduct are often undetectable by outsiders. Keeping government efficient and honest depends on the vigilance of those most involved in its day-to-day operations, its employees. Those employees, however, are unlikely to step forward and speak out unless they are assured that they will not be the target of retribution by their coworkers and superiors.

The pivotal role of “whistle blowing” employees in ensuring the operation of a modern and efficient state workforce and the importance of protecting such employees from retribution were recognized by the General Assembly when it enacted section 19c.1 of the Personnel Code. Relegating whistle blowers to internal grievance procedures is not sufficient to achieve the General Assembly’s purposes. All bureaucracies tend to protect themselves. Knowing this, experienced employees will realize that they are not likely to find a hospitable forum in a grievance system maintained by the very entity whose agents are involved in the wrongdoing. Furthermore, even if a whistle blowing employee does prevail, the protections available are limited. Under the administrative remedies touted by the majority, the most an aggrieved employee can hope for is the prospect that eventually, after battling his employer administratively and obtaining judicial review of the administrative agency’s decision, he may be able to keep his job and have adverse references to the disciplinary action he suffered removed from his personnel file. That is small consolation for acts that require such courage and are so beneficial to the people of our state. The result, in my view, is that employees will simply stop coming forward to report wrongdoing. For all practical purposes, the safeguards promised by section 19c.1 of the Personnel Code will be rendered meaningless.

There is no merit to the majority’s suggestion that the availability of criminal penalties under the Personnel Code obviates the need for implying a private right of action. The criminal penalties imposed by the statute are modest, as they were in 
Kelsay v. Motorola, Inc.
, 74 Ill. 2d 172, 185 (1978), which recognized a private right of action for retaliatory discharge based on the Workmen’s Compensation Act. We wrote in 
Kelsay
:

“The imposition of a small fine, enuring to the benefit of the State, does nothing to alleviate the plight of those employees who are threatened with retaliation and forgo their rights, or those who lose their jobs when they proceed to file claims under the Act. It is conceivable, moreover, that some employers would risk the threat of criminal sanction in order to escape their responsibility under the Act. Further, the fact that an act is penal in nature does not bar a civil remedy, and where a statute is enacted for the benefit of a particular class of individuals[,] a violation of its terms may result in civil as well as criminal liability, even though the former remedy is not specifically mentioned.” 
Kelsay v. Motorola, Inc.
, 74 Ill. 2d at 185.

These considerations apply with equal force here.

Protecting state employees from retaliation for disclosing violations of laws, rules and regulations is a matter of ongoing concern for the General Assembly. Last May it adopted a new State Officials and Employee Ethics Act. The Act, which originated as House Bill 3412, contained whistle blowing provisions similar to those set forth in section 19c.1 of the Personnel Code and provided criminal penalties for its violation just as the Personnel Code does. In addition, it made clear that an aggrieved employee could seek redress in the courts and be awarded “all remedies necessary to make [him] whole and to prevent future violations of [the Act].” 93d Ill. Gen. Assem., House Bill 3412, 2003 Sess. Although the Governor made an amendatory veto of the legislation, his veto was overridden by both houses in the General Assembly. The vote was unanimous. The legislature could not have expressed its views more decisively. If we ever had grounds for believing that the General Assembly opposed the idea of allowing whistle blowers employed by the State to seek redress in the courts, those grounds are lost. See also Pub. Act 93–544, eff. January 1, 2004 (Whistleblower Act) (authorizing private sector whistle blowers to bring civil actions for damages and obtain additional relief, including reinstatement and attorney fees).

The majority is wrong to reject an implied private right of action under section 19c.1 of the Personnel Code based on comparison with section 12a of the statute (20 ILCS 415/12a (West 2002)). The majority claims that section 12a provides for a private right of action and that if the General Assembly had intended to allow employees to seek a private right of action under section 19c.1, it would have included comparable language there as well. What the majority overlooks is that the remedy authorized by section 12a is qualitatively different from the one at issue here. Section 12a does not authorize a state employee to bring a private right of action to collect damages for violation of the Personnel Code. It merely authorizes private citizens to sue to enjoin certain state employees from making payments in contravention of the statute. Any monies improperly disbursed in contravention of the statute are recoverable, but they must be paid into the state treasury. There is no provision for damages at all. It is therefore irrelevant to the matter at issue here.
(footnote: 2)
 For the foregoing reasons, I would hold that the plaintiff in this case was entitled to seek and obtain an award of damages for the injuries she sustained as a result of defendants’ violation of the whistle blower provisions of the Personnel Code. I therefore respectfully dissent.

FOOTNOTES
1:     
1
Our Rule 20 permits the United States Court of Appeals for the Seventh Circuit to certify a question of Illinois law to this court where the question “may be determinative of the said cause, and there are no controlling precedents in the decisions of this court.” 145 Ill. 2d R. 20(a).

2:     
2
The majority’s discussion of section 12a is also perplexing for its invocation of the maxim that where a statute list the things to which it refers, there is an inference that all omissions should be understood as exclusions. The majority’s discussion addresses separate and distinct sections of a statute, not lists of things within a statutory provision. There is no list of things in section 12a or anywhere else in the Personnel Code pertaining to implication of private rights of action for damages.