# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 01-3093 & 01-3300

LINETTE METZGER,

*Plaintiff-Appellee, Cross-Appellant,*

*v.*


TIMOTHY DAROSA, *et al.*,

*Defendants-Appellants, Cross-Appellees,*

*and*


TERRANCE GAINER and STATE OF ILLINOIS
DEPARTMENT OF STATE POLICE,

*Defendants-Cross-Appellees.*

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 98-3297—**Jeanne E. Scott**, *Judge.*

_____

ARGUED JANUARY 21, 2003—DECIDED MAY 10, 2004

_____


Before POSNER, KANNE, and DIANE P. WOOD, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* Linette Metzger, an employee of the Illinois State Police, filed a six-count com-

plaint against her employer and several individual defendants alleging, among other things, that her First Amendment rights had been violated by certain retaliatory acts (Count V) and that the defendants had violated her rights under the Illinois Whistle Blower statute, 20 ILCS 415/19c.1 (Count VI). The district court granted the defendants' motion for summary judgment with respect to Count V. A jury then found in favor of Metzger and against defendants Timothy DaRosa (Deputy Director of the Division of Administration), Betsy Wasmer-Ryherd (former head of the Information Services Bureau), and Gene P. Marlin (First Deputy Director of the State Police) on Metzger's state whistle-blower claim under Count VI and awarded her $138,379 in damages. The defendants appealed the jury verdict, arguing that the district court erred in finding an implied private right of action under Section 19c.1 for a whistleblower who allegedly suffers an adverse job action when she exposes wrongdoing within a state agency. Metzger cross-appealed the district court's order granting the defendants' motion for summary judgment on Count V of her complaint.

Recognizing that the proper interpretation of Section 19c.1 raised several issues of first impression, we certified the following questions to the Supreme Court of Illinois:

> 1. Does Section 19c.1 of the Illinois Personnel Code, 20 ILCS 415/19c.1, create an implied private right of action?

> 2. If there is an implied private right of action under Section 19c.1, is that action limited to one against the employer (i.e., the State of Illinois), or may it also be brought against individual employees (i.e., supervisors, managers, or others who retaliate against the whistleblower)?

*Metzger v. DaRosa*, Nos. 01-3093 & 01-3300 (7th Cir. Mar. 18, 2003). The court reached only the first question, holding

that 20 ILCS 415/19c.1 does not create an implied private right of action. *Metzger v. DaRosa*, 2004 WL 335025, at *1 (Ill. 2004). On March 19, 2004, the Illinois Supreme Court issued its mandate in this case, and the parties subsequently filed statements with this court pursuant to Circuit Rule 52(b). With the benefit of the Illinois decision, we are now in a position to dispose of the issues presented by this appeal. In light of the Illinois Supreme Court's holding that Section 19c.1 does not create an implied private right of action, we reverse both the jury's verdict in favor of Metzger on Count VI and the district court's denial of the individual defendants' post-trial motion for judgment as a matter of law on Metzger's state whistle-blower claim.

The only question that remains arises from Metzger's cross-appeal from the district court's decision granting summary judgment to the defendants on her First Amendment claims. As this issue was fully explored in the original briefs and oral argument in this case, it too is ready for decision. We summarize the pertinent facts in the light most favorable to Metzger, as required on our *de novo* review from an adverse decision on a summary judgment motion. See *Epps v. Creditnet, Inc.*, 320 F.3d 756, 758 (7th Cir. 2003).

In 1996, Metzger told Wasmer-Ryherd, her supervisor in the Information Services Bureau, that two of her co-workers were taking time off from work without using benefit time. More than a year later, she made the same complaint to Wasmer-Ryherd's superior, Thomas Yokely, unaware that Wasmer-Ryherd had already addressed the matter informally. Metzger sent an e-mail to Wasmer-Ryherd telling the latter about her report to Yokely. This e-mail had the unfortunate effect of leading Wasmer-Ryherd to think that the Division of Internal Investigations (DII) had opened an investigation into Wasmer-Ryherd's own conduct. Wasmer-Ryherd then reviewed the time records for the entire department and, in doing so, discovered that Metzger

herself was often 30 minutes late for work. Wasmer-Ryherd also suspected that Metzger was rummaging through office files and co-workers' desks after hours. She then took several actions, including reporting Metzger's timekeeping violations to DII, revoking her 24-hour access to the building, and requesting that Metzger be involuntarily transferred out of her unit.

Metzger claimed that these actions amounted to unlawful retaliation for her speech about timekeeping abuses, which she claims is a matter of public concern. This court recently had occasion to outline the elements of such a claim:

> A § 1983 claim for retaliation in violation of First Amendment rights in the public employment context involves a three-step analysis. First, the court must determine whether the employee's speech was constitutionally protected under the *Connick-Pickering* test. Second, the plaintiff must establish that the speech was a substantial or motivating factor in the retaliatory action. Third, the defendant has an opportunity to establish that the same action would have been taken in the absence of the employee's protected speech.

*Sullivan v. Ramirez*, 360 F.3d 692, 697 (7th Cir. 2004). Metzger's claim fails at the first step, in that her speech did not address a matter of public concern under *Connick v. Myers*, 461 U.S. 138 (1983), and thus was not constitutionally protected.

"Whether a government employee's speech addresses a matter of public concern depends upon 'the content, form, and context of [the speech] as revealed by the whole record.'" *Gustafson v. Jones*, 290 F.3d 895, 906-07 (7th Cir. 2002) (quoting *Connick*, 461 U.S. at 147-48). While "complaints containing documentation of time abuse have been held to address a matter of a public concern," *Sullivan*, 360 F.3d at 699, Metzger's reports to Wasmer-Ryherd and Yokely did not describe "[c]hronic time abuse by public employees

implicat[ing] the misuse of taxpayer funds," *id.* Furthermore, the context of Metzger's reports undermines any suggestion that her speech was of public concern. To the contrary, Metzger indicated that she reported the time-keeping violations to protect herself from potential accusations that she had ignored or acquiesced in the violations, particularly because she handled personnel matters, including tracking benefit time.

An employee's motivation is a "relevant, but not dispositive, factor" in determining whether speech addresses a matter of public concern. *Id.* at 700. Yet, "where considerations of motive and context indicate that an employee's speech raised a topic of general societal interest merely for personal reasons rather than a desire to air the merits of the issue, or for the sole purpose of bolster[ing] [her] own position in a private personnel dispute with [her] superiors, these factors militate against the conclusion that the employee's speech is entitled to First Amendment protection." *Campbell v. Towse*, 99 F.3d 820, 827 (7th Cir. 1996) (internal citations and quotation marks omitted); see also *Colburn v. Trs. of Ind. Univ.*, 973 F.2d 581, 587 (7th Cir. 1992) ("[W]here the overriding reason for the speech is the concerns of a few individuals whose careers may be on the line, the speech looks much more like an internal personal dispute than an effort to make the public aware of wrongdoing."). Metzger provides no evidence that the point of her speech was to raise a matter of public concern, rather than to further her purely private interests. See *Callaway v. Hafeman*, 832 F.2d 414, 417 (7th Cir. 1987). Because we hold that Metzger's speech did not address a matter of public concern, we need not decide whether, under *Pickering v. Board of Education*, 391 U.S. 563 (1968), the government's interest as an employer in providing effective and efficient services outweighed Metzger's interest as a citizen in commenting upon the matter of public concern. See *Cliff v. Bd. of Sch. Comm'rs*, 42 F.3d 403, 409 (7th Cir.

1994) ("[W]e need not undertake to balance the respective interests of the speaker and the State unless the speaker first establishes that her speech addressed a matter of public concern.").

We therefore AFFIRM the district court's decision to grant the defendants' motion for summary judgment with respect to Metzger's First Amendment retaliation claim; REVERSE the jury's verdict in favor of Metzger on her state whistle-blower claim under 20 ILCS 415/19c.1; and REVERSE the district court's order denying defendants Wasmer-Ryherd, DaRosa, and Marlin's motion for judgment as a matter of law on Metzger's state whistle-blower claim.


A true Copy:

      Teste:


                  _____
                  *Clerk of the United States Court of*
                  *Appeals for the Seventh Circuit*