REGINIA WILLIAMS, Plaintiff-Appellant, v. THE BOARD OF REVIEW *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—08—2227

Opinion filed October 22, 2009.—Rehearing denied November 18, 2009.

Legal Assistance Foundation of Metropolitan Chicago, of Chicago (Elizabeth Rosenthal, of counsel), for appellant.

Lisa Madigan, Attorney General, of Chicago (Jerald S. Post, Assistant Attorney General, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Reginia Williams, appeals the order of the circuit court affirming the decision by the Board of Review of the Illinois Department of Employment Security (Board) to deny plaintiff a trade readjustment allowance (TRA) under the Trade Act of 1974 and the 2002 amendments then in effect, 19 U.S.C. §2101 (2002 Supp.). On appeal, plaintiff contends the Board erred in determining that her application for TRA benefits was not timely filed. We reverse and remand.

## BACKGROUND

The Trade Act of 1974 (Trade Act) and the 2002 amendments in effect at the time of plaintiff's displacement provide federally funded trade adjustment assistance (TAA) to workers displaced by foreign competition. 19 U.S.C. §2101 (2002 Supp.). This TAA includes benefits not available with regular unemployment insurance, such as job training, a relocation allowance, and a trade readjustment allowance. 19 U.S.C. §§2291 through 2298 (2002 Supp.). The trade readjustment allowance (TRA) is a cash benefit that supplements regular state unemployment insurance. To receive TRA, a qualified worker must be enrolled in a training program approved by the Secretary of Labor by "the last day of the 16th week after the worker's most recent total separation from adversely affected employment" or "the last day of the 8th week after the week in which the Secretary issues a certification covering the worker." 19 U.S.C. §2291(a)(5) (2002 Supp.). This enrollment deadline is commonly called the "8/16 week deadline."

A state agency, the Illinois Department of Employment Security (the IDES), administers TRA benefits pursuant to a cooperative agreement with the United States Department of Labor. 19 U.S.C. §2311(a) (2000). The IDES has statutory responsibilities as the Secretary's agent to educate workers about TAA programs. Specifically, IDES shall advise workers about these benefits and the deadlines to apply as well as provide advice and information about enrolling in training programs. 19 U.S.C. §2311(f) (2000).

## PLAINTIFF'S HEARING

At a hearing before the IDES, the evidence established plaintiff worked at Chicago Castings Company for nine years as a laborer before she was laid off on April 21, 2006, due to the closing of the company. At the time of the layoff, plaintiff received a termination notice informing her of unemployment benefits, which she applied for on April 23, 2006. Plaintiff was never informed of any benefits available under the Trade Act. On June 21, 2006, the Department of Labor

certified Chicago Castings Company for TAA under the Trade Act. Plaintiff, however, received no notice of the certification or of any potential benefits.

Plaintiff first learned of Trade Act benefits in mid-October, 2006, from a former coworker who had received a letter and was enrolled in a retraining class. At the time, plaintiff still was receiving unemployment benefits and seeking work. Plaintiff stated she did not investigate the matter further because she still was receiving unemployment benefits and believed those unemployment benefits were equivalent to the benefits obtained by her former coworker. When plaintiff's unemployment benefits ran out and she could not get an extension, plaintiff inquired about the TRA benefits at the local employment security office. Plaintiff met with Ms. Curry, who informed her she had no information about plaintiff in her records, and there was no record of a TRA notice that was sent to plaintiff. Ms. Curry told plaintiff to meet with Ms. Hicks at an office that contracts to administer training programs with the City of Chicago. Plaintiff saw Ms. Hicks on December 12, 2006, and was given the application for TRA benefits and training. Plaintiff filled out the forms that same day, but Ms. Hicks told plaintiff that because she had missed the 8/16 deadline for enrolling in job training, her TRA benefits would be denied and she would have to appeal. Plaintiff submitted an appeal on December 14, 2006, which IDES accepted.

Plaintiff participated in the IDES hearing on May 18, 2007. The hearing officer found, although plaintiff was unaware of her eligibility for TRA benefits, she nonetheless missed the 8/16 week deadline and he had no authority to grant a waiver thereof.

On October 12, 2007, the Board affirmed the hearing officer's decision. Plaintiff filed a timely complaint for administrative review, and the circuit court affirmed the Board's decision on July 9, 2008. Plaintiff filed this timely appeal.

ANALYSIS

On appeal, this court reviews the decision of the Board, not the determination of the circuit court. *Anderson v. Department of Professional Regulation*, 348 Ill. App. 3d 554, 560 (2004). A reviewing court defers to an administrative agency's findings of fact, as they are deemed *prima facie* true. *Jackson v. Board of Review of the Department of Labor*, 105 Ill. 2d 501, 513 (1985). However, less deference is owed to an agency's conclusions of law, which courts review under the *de novo* standard. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254 (1995). Here, the parties do not dispute the Board's factual findings. Rather, the issue of whether plaintiff's application for TRA was

timely filed under the Trade Act is one of statutory interpretation, a question of law. Therefore, the *de novo* standard of review applies.

As discussed, there is no factual dispute IDES failed to notify plaintiff about the 8/16 week deadline, as a result of which plaintiff failed to enroll in the job training that is a prerequisite for a TRA. The Board determined plaintiff's failure to comply with the 8/16 week deadline rendered her TRA application untimely. The issue on appeal is whether plaintiff's deadline for filing for a TRA should be extended based on the IDES' failure to provide her with the statutory notification.

We hold the deadline should be extended pursuant to the governing regulation that provides for a "good cause exception" to the application deadline. Section 617 of title 20 of the Code of Federal Regulations (20 C.F.R. §617.10(b) (2008)) provides an application for TRA may be filed within such reasonable period of time "as the individual had good cause for not filing earlier, which shall include, but not be limited to, the individual's lack of knowledge of the certification or misinformation supplied the individual by the State agency."

In the present case, plaintiff had good cause for not timely filing her application for the TRA, as she lacked knowledge of the 8/16 week deadline. Plaintiff was first informed of the 8/16 week deadline in December 2006, after said deadline already had passed. Plaintiff completed the required forms for a TRA on the same day she was first informed of the missed 8/16 week deadline. Plaintiff filed the requisite forms within a reasonable period of time as she had good cause for not filing earlier; accordingly, plaintiff is entitled to TRA benefits.

Defendants contend the regulation providing for a good-cause exception (20 C.F.R. §617.10(b) (2008)) was adopted in 1986 and was superseded by the 2002 amendments to the Trade Act, which provided for the 8/16 week deadline. Defendants' argument is unavailing. The fundamental rule of statutory interpretation is to give effect to the legislature's intent. *In re Marriage of Rogers*, 213 Ill. 2d 129, 136 (2004). The best indicator of this intent is the plain language of the statute, and when that language is clear, its meaning must be given effect without resort to other tools of interpretation. *Metzger v. DaRosa*, 209 Ill. 2d 30, 35 (2004). The plain language of the 2002 amendments to the Trade Act is silent regarding whether the amendments are meant to supersede the exception set forth in 20 C.F.R. §617.10(b) for extending the deadline for filing for a TRA when an individual has good cause for not filing earlier. The 2002 amendments also are silent regarding whether lack of knowledge of the 8/16 week deadline for enrolling in job training can constitute good cause for extending the filing deadline. However, more recently, the Trade Act was amended in

2009 to expressly provide for an extension "due to the failure to provide the worker with timely information regarding" the deadline for enrolling in job training. See Act of February 17, 2009, Pub. L. No. 111—5, §1821 (a)(4), 123 Stat. 375, 376. Thus, the most recent 2009 amendments to the Trade Act indicate the good-cause exception is applicable where, as here, the plaintiff was not provided timely information regarding the applicable 8/16 week deadline for enrolling in job training. Although the 2009 amendments to the Trade Act did not become effective until after the notice of appeal in this case had been filed, said amendments may be considered here as they clarify and evidence the intent of the legislature that passed the Trade Act in effect at the time of plaintiff's displacement. See *People ex rel. Board of Trustees of Chicago State University v. Siemens Building Technologies, Inc.*, 387 Ill. App. 3d 606, 618 (2008). The 2009 amendments indicate the legislative intent that the Trade Act was never meant to supersede the good-cause exception set forth in 20 C.F.R. §617.10(b).

For the foregoing reasons, we reverse the Board and hold plaintiff is entitled to TRA benefits.

The next issue is the amount of TRA benefits to which plaintiff is entitled. Neither party briefed this issue on appeal. Neither the IDES nor the Board expressly addressed this issue, as they each determined plaintiff was not entitled to any TRA benefits. We remand this cause to the IDES for a determination as to the amount of benefits to which plaintiff is entitled.

As a result of our disposition of this case, we need not address the other arguments on appeal.

Reversed and remanded to the IDES.

GALLAGHER and NEVILLE, JJ., concur.